ENNIS BROCK V. THE STATE.

No. 17723.   Delivered November 13, 1935.
Rehearing Denied December 4, 1935.

The opinion states the case.

*Bailey & Blum* and *R. G. Allen,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment charges the offense of burglary, and embraces averments showing that appellant had been twice previously convicted of felonies less than capital. Because of repetition of offenses, the penalty assessed was imprisonment in the penitentiary for life.

The restaurant of Harry Roberts was burglarized about 11 p. m., September 14, 1934, and a twenty-two caliber pistol and several dollars in nickels taken therefrom. Appellant was arrested shortly after the building had been entered. The pistol Mr. Roberts had lost was.in his possession, as well as about four dollars in nickels. The arresting officer testified: "We found a bunch of nickels, a screw driver and a little 'jimmy' on this defendant. I would say it is a nail bar around nine inches long, flattened on one end, and is iron. We also found a bunch of keys on him, some of them known as master keys. Four of them are master keys, including a skeleton door key; they are described as skeleton keys." The State introduced two final judgments of conviction, showing that appellant had been twice previously convicted of burglary. Appellant admitted the former convictions. However, he denied that he burglarized the res-

taurant of Roberts. He testified that he had won the money and pistol found in his possession in a game of dice at Willie Green's place. His testimony and that of witnesses on his behalf raised the issue of insanity resulting from the combined use of whisky and narcotics.

Attached to appellant's brief are ex parte affidavits in which it is averred that appellant was not permitted to question the jurors on voir dire examination. These affidavits were secured after adjournment of the term at which appellant was convicted. The question sought to be presented in said affidavits is not related to the exercise of the jurisdiction of this court. See Art. 5, sec. 5 of the Constitution of Texas. As a general rule this court will consider only questions which were before the trial court and which are brought up in the manner provided by statute. McKee v. State, 42 S. W. (2d) 77. In the instant case no exception to the rule obtains.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's motion,—based on what he calls fundamental error in the failure of the court in his charge to restrict the jury's consideration of the purpose and effect of certain testimony,—cites only one case, and fails to inform us when said case was decided or where it can be found. We regret that we have no means of knowing where to look for the case mentioned. We are also referred in the motion for rehearing to Arts. 735, 737 and 740, Code of Criminal Procedure, as to the law relating to charges. Examination of our Code of Criminal Procedure of 1925 shows that the articles referred to contain the law relating to depositions.

Finding nothing in the motion for rehearing calling for the granting of same, it will be overruled.

*Overruled.*